FILED

2012 NOV 19 PM 4:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____________

RIDOUT & LYON, LLP
Christopher P. Ridout (SBN 143931)
E-mail: c.ridout@ridoutlyonlaw.com
Caleb Marker (SBN 269721)
E-mail c.marker@ridoutlyonlaw.com
555 Ocean Boulevard, Suite 500
Long Beach, CA 90802
(562) 216-7380
(562) 216-7385 Facsimile

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SANDRA RUBINSTEIN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PAYLESS SHOESOURCE, INC., a Missouri corporation, and DOES 1-10,

Defendants.

Case CV 12 9904 -PA (FMOx)

Hon.

**COMPLAINT (CLASS ACTION)**

For violation of:

1. Telephone Consumer Protection Act, *47 U.S.C. § 227, et seq.*

(Jury Trial Demanded)

Plaintiff Sandra Rubinstein brings this action, by and through her undersigned counsel, against Defendant Payless Holdings, LLC and Does 1-10 (hereinafter collectively referred to as the "Defendant" or "Payless") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by this conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I. NATURE OF CASE

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[1]

2. On November 14, 2012, researchers from the AT&T Security Research Center presented their findings on text message spam to attendees of the Internet Measurement Conference at Boston University's campus in Boston, Massachusetts.[2] The AT&T researchers noted the following:

> Spam texts (SMS) are a growing problem for consumers and telecoms.
>
> For consumers, they represent, at a minimum, an annoyance and an invasion of cell-phone privacy, and count against message limits for those without unlimited messaging. But spam texts do worse than annoy. They can trick consumers into clicking on embedded links or providing private information, and increasing numbers of spam texts now attempt to install malware.
>
> For telecoms, spam is a drain on the network and resources. A single spammer can send thousands of spam texts an hour, bombarding a single cell tower and hogging signaling bandwidth needed for legitimate customers. Fielding spam-related complaints also siphons away customer-service resources.

3. In addition, the researchers determined that the vast majority (99.6%) of SMS spammers resided in California (Sacramento, Orange County, and Los Angeles) and Miami Beach, Florida.[3]

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) *available online at* http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx

[2] http://www-net.cs.umass.edu/imc2012/program.htm

[3] http://www.v3.co.uk/v3-uk/the-frontline-blog/2224891/at-t-researchers-publish-landmark-sms-spam-study

4. The AT&T researchers note that the results of their study are being used to design an advanced SMS spam detection system, which does not yet exist.

5. In a recent effort to promote the sale of its footwear and related products, Defendant, one of the nation's largest footwear retailers, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

6. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

7. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

8. The U.S. Court of Appeals for the Ninth Circuit has confirmed that a "text message is a 'call' within the meaning of the TCPA." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). *See also Kazemi v. Payless Shoesource Inc.,* C 09-5142 MHP, 2010 WL 963225 (N.D. Cal. Mar. 16, 2010).

9. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under 47 U.S.C. § 220.

11. In addition, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

12. This Court has personal jurisdiction over Defendant because Payless conducts operations and sales in California and this District, Payless' corporate nerve center is located in California, and the acts alleged herein occurred in this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant Payless resides in this District, because a substantial part of the events giving rise to the claim occurred in this District, and because Defendant's registered agent is located in this District.

## III. PARTIES

14. Plaintiff is an adult individual who resides in Los Angeles County, California.

15. Defendant Payless Shoesource, Inc. ("Payless") is a Missouri for-profit corporation (Kansas Business Entity No.: 7012024) who at all relevant times maintained its headquarters and principal place of business at 3231 Southeast 6th Avenue, Topeka, Kansas 66607. The registered agent for Defendant Payless is CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

16. Defendant Payless is a discount footwear retailer that operates more than 4,523 stores worldwide. In 2010, Payless Shoesource generated more than $3.32 billion in revenue and earned more than $97.3 million in net income.[4]

17. Upon information and belief, Defendant Payless operates more than 100 retail stores in Los Angeles County, California.

[4] http://en.wikipedia.org/wiki/Payless_ShoeSource

18. Upon information and belief, Payless is owned and operated by Payless Holdings, LLC, a Delaware limited liability company who at all relevant times maintained its headquarters and principal place of business in Topeka, Kansas.

19. Upon information and belief, Defendant Payless was formed on September 17, 2012 as a holding company for Payless Shoesource and Collective Licensing International, which was purchased by Golden Gate Capital and Blum Capital Partners for $1.32 billion from Collective Brands, Inc. Said transaction closed on or about October 9, 2012.[5]

20. Upon information and belief, Golden Gate Capital, which is located at One Embarcadero Center, 39th Floor, San Francisco, California 94111, serves as the corporate "nerve center" for Defendant Payless.

21. Plaintiff does not know the true names and capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, Defendants are sued under such fictitious names. Plaintiff will seek leave from this Court to amend this Complaint when the true names and capacities of the DOE Defendants are discovered.

22. The DOE Defendants in this matter are the entities that, together with the named Defendant, that sent wireless spam to Plaintiff and members of the Class and are thus liable for the violations of the TCPA complained of herein.

23. Plaintiff is informed and believes, and alleges thereon, that at all relevant times, each of the Defendants, including the DOE Defendants, whether individual, partner, or corporate, was and is responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiff and those members of the general public and Class similarly situated, to be subject to the acts and practices complained of herein.

---

5 http://www.businesswire.com/news/home/20121010005816/en/Payless-Holdings-Names-W.-Paul-Jones-Chief

24. At all times mentioned herein, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

25. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

26. At all times herein mentioned, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as alleged herein.

27. At all times herein mentioned, Defendants, and each of them, were the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other Defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all Defendants collectively as "Defendant," and each allegation shall pertain to each Defendant.

## IV. GENERAL ALLEGATIONS

28. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to cheaply send bulk solicitations.

29. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

30. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When a SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a message call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

31. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

32. For years, Defendant has directed the mass transmission of wireless spam SMS message calls to cell phones nationwide of what it hoped were potential customers of its products.

33. In 2009, plaintiff Mohammad Kazemi filed suit against Defendant and its parent company for sending text messages in violation of the TCPA in the U.S. District Court for the Northern District of California (Case No.: CV09-5142 EMC).

34. Defendant eventually settled that matter (*See* "Final Judgment And Order Of Dismissal With Prejudice" dated April 2, 2012, Doc. No. 94).

35. The Settlement Class in the *Kazemi* action was defined as "all persons who received one or more SMS text messages by or on behalf of Payless Shoesource, Inc. during the period from October 29, 2005 through October 4, 2010."

36. Despite its conduct and prior litigation, Defendant continued to send unauthorized text messages to individuals in 2011, well after the initial filing of the *Kazemi* action and outside of the *Kazemi* settlement class period.

37. On or about May 17, 2011 at 12:54 p.m., Plaintiff's cell phone rang, indicating that a text message or SMS has been received.

38. The "from" field of such transmission was identified cryptically as "747474," which is an abbreviated telephone number known as a SMS short code operated by Defendant's agents. The body of this text message read:

> PAYLESS Insider: New arrivals 4 summer! Take 20% off with 47052 thru 6/8/11. Reply STOP to stop. Msg&Data rates may apply. Excludes Shopko. 1 coupon/purchase.

39. The text message was sent by Defendant, using its "747474" SMS short code, as a coupon for products at Defendant's retail stores to further promote Defendant's products.

40. Plaintiff has not purchased any goods or services from Defendant in the past five years.

41. Plaintiff never provided her private cell phone number to Defendant for marketing or any other purpose.

42. The website contained in the above text message is owned and operated by Defendant and/or its agents and further promotes Defendant's products.

43. At no time did Plaintiff consent to and/or authorize the receipt of such text message calls from Defendant.

## V. CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 and all other applicable rules of civil procedure. This action seeks recovery of actual damages, statutory damages, and equitable relief arising from Defendant's unfair business practices.

45. Class Definition: The Class sought to be represented in this action is defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized SMS text message advertisements on behalf of Payless Shoesource since October 5, 2010, continuing through the present.

46. The Class Period dates back to October 5, 2010 and continues through the present and the date of judgment. Excluded from the Class are: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case.

47. Numerosity of the Class. Members of the class are so numerous that their individual joinder herein is impracticable. The precise number of members of the class and their addresses are presently unknown to Plaintiff, but is believed to each exceed 1,000 people. The precise number of persons in the class and their identities and addresses may be ascertained from Defendant's business records. If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail, e-mail, or other electronic means.

48. Ascertainable Class. The proposed Class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence, will have binding effect on all class members. These Class Members can be readily identified from business records, billing systems, and telephone records of the Defendant and other means readily available to the Defendant, and thus by the Plaintiff, through minimally intrusive discovery. The class is numerous. Joinder of all class members is impracticable due to the relatively small monetary recovery for each class member in comparison to the costs associated with separate litigation.

///

///

///

///

///

///

49. Common Questions of Fact and Law Exist and Predominate over Individual Issues. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members of the class. These common legal and factual questions include without limitation:

a. Does the wireless spam Defendant distributed violate 47 U.S.C. §277?

b. Are the Class's members entitled to treble damages based on the willfulness of Defendant's conduct?

50. Typicality. The claims of Plaintiff is typical of the claims of the Class. Plaintiff and all Class members received wireless spam from Defendant during the Class Period. Plaintiff and all Class members have been the subject of Defendant's unfair, illegal, fraudulent and deceptive business practices as described herein. The relief sought is common, unitary, and class-wide in nature.

51. Adequacy. The named Plaintiff is an adequate representative of the Class on whose behalf this action is prosecuted. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff has retained competent counsel with experience in class action litigation and will prosecute this action vigorously. As a result, Plaintiff can fairly and adequately represent and protect the interests of the class in that there are no conflicts between her interests and the interests of other class members, this action is not collusive, the named Plaintiff and her counsel have the necessary resources to litigate this action, and counsel has the experience and ability required to prosecute this case as a class action.

52. Community of Interest. The proposed Class has a well defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact are predominant with respect to the liability issues, relief

issues and anticipated affirmative defenses. The named Plaintiff has claims typical of the Class members.

53. Superiority of Class Adjudication. The certification of a class in this action is superior to the litigation of a multitude of cases by members of the putative class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the class members in relationship to the benefits received. The economic damages, restitution and other potential recovery for each individual member of the Class are modest, relative to the substantial burden and expense of individual prosecution of these claims. Given the amount of the individual class members' claims, few, if any, class members could afford to seek legal redress individually for the wrongs complained of herein. Even if the members of the class themselves could afford individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. FIRST CAUSE OF ACTION

## (Violation of 47 U.S.C. § 227: On behalf of the Class)

54. Plaintiff incorporates all of the preceding paragraphs by reference as if fully set forth herein.

55. Defendant made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or

produce telephone numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

56. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

57. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the class suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, their "actual monetary loss from such a violation, or … $500 in damages for each such violation, whichever is greater."

58. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

59. Because Defendant willfully and knowingly violated the TCPA, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

60. Defendant's past litigation relating to wireless spam supports the imposition of treble damages.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sandra Rubinstein, on behalf of herself and on behalf of those similarly situated, pray for relief and judgment against Defendant as follows:

A. For an order certifying the class and any appropriate subclasses thereof and appointing Plaintiff Sandra Rubinstein and her counsel to represent the Class in this litigation;

B. For an order permanently enjoining Defendant from distributing wireless spam to the Class.

C. For judgment against Defendant ordering it to pay actual and statutory damages to Plaintiff and Class Members pursuant to 47 U.S.C. § 227(b)(3)(B) and any other applicable laws;

D. For judgment against Defendant ordering it to pay treble damages to Plaintiff and Class Members pursuant to 47 U.S.C. § 227(b)(3)(C) and any other applicable laws;

E. For payment of attorneys' fees and costs pursuant to the "common fund" doctrine and/or pursuant to equitable principles of contribution and/or other applicable method of awarding attorneys' fees and costs in class actions;

F. For preliminary and permanent injunctive relief prohibiting Defendants from engaging in the wrongful practices alleged in this Complaint;

G. For any such further relief as this Court deems equitable, just and proper.

///

///

///

///

///

**VIII. JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all similar rules of court, Plaintiff Sandra Rubinstein hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

RIDOUT & LYON, LLP

Dated: 11/19/12 By: ______________________

Christopher P. Ridout
Caleb LH Marker
555 E. Ocean Boulevard, Suite 500
Long Beach, CA 90802
(562) 216-7380
(562) 216-7385 fax

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV12- 9904 PA (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Name & Address: Ridout & Lyon, LLP
Christopher P. Ridout, Esq. (SBN 143931)
555 E. Ocean Blvd., Ste. 500
Long Beach, CA 90802
(562) 216-7380
(562) 216-7385 Fax

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Sandra Rubinstein, individually and on behalf of all others similarly situated,

PLAINTIFF(S)

v.

PAYLESS SHOESOURCE, INC., a Missouri corporation, and DOES 1-10,

DEFENDANT(S).

CASE NUMBER

CV 12 9904 -PA(FMOx)

**SUMMONS**

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Christopher P. Ridout, Esq., whose address is 555 E. Ocean Blvd., Ste. 500, Long Beach, CA 90802. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: November 19, 2012

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Sandra Rubinstein, individually and on behalf of all others similarly situated

**DEFENDANTS**
PAYLESS SHOESOURCE, INC., a Missouri corporation, and DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Christopher P. Ridout, Esq. (SBN 143931)
555 E. Ocean Blvd., Ste., 500, Long Beach, CA 90802
(562) 216-7380

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of telephone consumer protection act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

CV12 9904

**FOR OFFICE USE ONLY:** Case Number: ____________________

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____ **Date** November 19, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |